Matter of Kirby Forensic Psychiatric Facility v Sammy M. (2021 NY Slip Op 06324)





Matter of Kirby Forensic Psychiatric Facility v Sammy M.


2021 NY Slip Op 06324


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Ind. No. 1449/08 Appeal No. 14451 Case No. 2021-00130 

[*1]In the Matter of Kirby Forensic Psychiatric Facility, Petitioner-Appellant,
v
Sammy M., Respondent-Respondent.


Letitia James, Attorney General, Albany (Mark S. Grube of counsel), and Eric Gonzalez, Kings County District Attorney, Brooklyn (Sara Dayan of counsel), for appellant.
Marvin Bernstein, Mental Hygiene Legal Service, New York (Diane G. Temkin of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about December 9, 2020, which denied petitioner's application for a subsequent retention order for confinement of respondent in a secure facility, and stayed enforcement of the order, including the transfer of respondent to a nonsecure facility, unanimously reversed, on the law and the facts, without costs, and the application granted to the extent of extending respondent's retention in a secure facility through December 31, 2021.
Upon our review of the record, we find that petitioner established by a preponderance of the evidence that respondent continues to suffer from a dangerous mental disorder, as defined in CPL 330.20(1)(c), requiring confinement in a secured facility (see Matter of Carpinello v Floyd A., 23 AD3d 179, 182 [1st Dept 2005]), as opposed to a mental illness, as defined in CPL 330.20(1)(d), requiring confinement in a nonsecure facility. The unrebutted expert testimony offered by petitioner establishes that respondent suffers from a dangerous mental disorder and continues to experience delusions like those that resulted in his initial confinement following an attempted murder. Respondent's testimony corroborates petitioner's contention that respondent lacks insight into his condition, which includes persistent auditory hallucinations. Additionally, the full testimony showed that respondent continues to believe that he attacked his imam with a hammer not as a result of his delusions but rather because the imam "kept mentally torturing [respondent]." In other words, respondent continues to believe that his actions were in response to a real provocation. Accordingly, the court's findings are "unsupported by any fair interpretation of the evidence" (Matter of State of N.Y. Off. of Mental Health v Jared C., 115 AD3d 437, 437 [1st Dept 2014] citing Matter of Consilvio v Alan L., 7 AD3d 252 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021